IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUTHER E. WILKINS                                                              PLAINTIFF

vs.                                      No. 04-2209

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Luther E. Wilkins (hereinafter "Plaintiff") has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying his claim for a period of disability and disability insurance benefits (hereinafter "DIB") pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423* and for Supplemental Security Income (hereinafter "SSI") benefits under *§ 1602 of Title XVI, 42 U.S.C. § 1381a.*

Plaintiff filed his applications for benefits with a protective filing date of December 31, 2002, alleging a disability onset date of August, 2002. (T. 52-54, 106-08) The applications were denied originally and upon reconsideration. (T. 24-25, 110-11, 33-34) A hearing before an ALJ was conducted on January 6, 2004. (T. 116-43) Plaintiff was represented by counsel at the hearing.

Plaintiff alleges that he is disabled by virtue of impairments and pain in the knees, lower leg, hands and shoulders. (T. 58)

By written decision dated April 29, 2004 (T. 8-19), the ALJ found that: Plaintiff met the

disability insured status requirements of the Act through March 31, 2007; has not engaged in substantial gainful employment since the onset of his disability; suffers from a severe combination of impairments, but the evidence does not establish medical findings which meet or equal the criteria of any of the impairments listed in *Appendix 1, Subpart P, Regulations No. 4* (the "Listings"); Plaintiff's subjective allegations concerning his pain and limitations are not fully credible; Plaintiff retains the residual functional capacity to perform a significant range of light work; Plaintiff does not retain the residual functional capacity to perform his past relevant work as a tire repairman; and, utilizing the testimony of a vocational expert ("VE"), the ALJ found that there are a significant number of jobs in the national economy that Plaintiff can perform such as a motel maid or amusement attendant. Accordingly, Plaintiff was found not disabled at any time through the date of the decision. (T. 17-18)

The Appeals Council declined to review this decision. (T. 2-4) Subsequently, Plaintiff filed this action.

Both parties have submitted appeal briefs and the case is now ready for decision.

**Discussion:**

Plaintiff asserts the following claims on appeal: the ALJ failed to properly credit Plaintiff's subjective complaints of pain and limitation; the ALJ failed to properly credit the opinion of the consulting orthopedist; Plaintiff has impairments which meet or equal a listed impairment; and, the ALJ's hypothetical question was inadequate.

Consideration of a social security disability claim involves a five step evaluation process. *20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI).* As noted above, the ALJ found that although Plaintiff's impairments are severe, they do not meet or equal a listed impairment. *20*

C.F.R. § 404.1520(d) (DIB); 20 C.F.R. § 416.920(d) (SSI). At step four of the sequential evaluation process, the ALJ concluded that Plaintiff does not possess the residual functional capacity to perform his past relevant work. *20 C.F.R. § 404.1520(e)(DIB)*; *20 C.F.R. § 416.920(e)(SSI)*. Finally, at step five of the process, the ALJ determined that there are a significant number of jobs in the national economy which Plaintiff possesses the residual functional capacity to perform. *20 C.F.R. § 404.1520(f)(DIB)*; *20 C.F.R. § 416.920(f)(SSI)*. Accordingly, Plaintiff was found not disabled.

This court's review function is extremely limited. The court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision, taking into account whatever in the record fairly detracts from its weight. *42 U.S.C. § 405(g); Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989); *see also, Baugus v. Secretary of Health and Human Services*, 717 F.2d 443, 445 (8th Cir. 1983); *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir. 1983). The court must accept the agency's factual determinations and reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.*, 540 F.2d 353, 355 (8th Cir. 1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

There is a distinction between "substantial evidence" and "substantial evidence on the record as a whole."

> "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court

must also take into consideration the weight of the evidence in the record and applying a balancing test to evidence which is contradictory.

*Wilson v. Sullivan*, 886 F.2d at 175.

Accordingly, this court's review is limited and is deferential to the agency. *See Ostronski v. Chater*, 94 F.3d 413, 415 (8th Cir. 1996). Although, the administrative decision must be affirmed if substantial evidence in the record as a whole supports it, *Id.,* the court may not "merely parse the record for substantial evidence supporting the [Commissioner's] decision," but must also "consider evidence in the record that detracts from the weight of the decision." *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). The court must apply a balancing test to evidence which is contradictory. *Wilson v. Sullivan*, 886 F.2d at 175.

Plaintiff was 45 years of age at the time of the administrative hearing. He has a ninth grade education. (T. 121-22) His past relevant work is as an unskilled tire repairman. (T. 123-24)

Plaintiff testified that he injured his left knee in a motorcycle accident on September 21, 2003. (T. 125) He stated that he experiences constant pain from his knee which prevents him from standing or walking "too long." (T. 125) He testified that if he sits or bends his knee for a long period stiffness results. (T. 126) He described experiencing a sharp pain in the knee joint and numbness in the back of his leg. (T. 133) Plaintiff also stated that he cannot squat. He further stated that he has a problem of 18 to 20 years duration in gripping with both hands and his hands swell and blister. (T. 126) He testified that he cannot lift a tire and that his right shoulder hurts "bad." (T. 131-32) He stated that his back is not a problem. (T. 133) Finally, he stated that he experiences headaches while watching television using "Dollar Store glasses." (T. 133)

Plaintiff lives alone and has no income. He receives food stamps, pays no rent and is

AO72A
(Rev. 8/82)

supported by his landlord. (T. 128)

In questioning the Vocational Expert, the ALJ posed a hypothetical describing the claimant as having the residual functional capacity to perform light work, limited by the ability to only occasionally use stairs and occasionally crouch, kneel, crawl and balance. The hypothetical claimant cannot use ropes, ladders or scaffolds and can only occasionally finger with both hands. The claimant may not drive dangerous moving machinery. The VE opined that such a hypothetical claimant can perform work as a motel maid and attendant at an amusement recreation facility. (T. 137-38)

Finally, the VE testified that no jobs exist for a claimant at the sedentary level of exertion limited to only occasional fingering. (T. 138-39)

The medical record is limited. Plaintiff has been examined by only two consulting physicians. The first, a general practitioner, Dr. Michael Westbrook, examined Plaintiff on February 26, 2003, and completed a standard Social Security general physical examination form. (T. 85-91) The second, an orthopedist, Dr. Robert C. Thompson, examined Plaintiff on February 4, 2004, at the request of the ALJ. (T. 101-02) Dr. Thompson obtained x-ray studies completed a Social Security "Range of Motion Chart" and "Medical Assessment of Ability to Perform Work-Related Activities (Physical)" form. (T. 103-04)

Dr. Westbrook rendered a diagnosis of: osteoarthritis of the left knee, old tibial plateau fracture of the left knee with narrowing of the joint space; parasthesia of the left ulnar nerve; and, tendonitis in both shoulders. (T. 91) He assessed Plaintiff as being mild to moderately limited with respect to walking. (T. 91) Examination revealed the ability to: hold a pen and write; touch fingertips to palms; and, normal grip strength. (T. 89)

-5-

Dr. Thompson's orthopedic examination disclosed x-ray results showing osteoarthritis of the shoulder with possible arthritic changes in the bicipital groove area and normal bone structures in both hands. (T. 102) He assessed Plaintiff as displaying normal joint motion in all joints and extremities with the exception of the right shoulder where abduction and forward elevation are limited. (T. 103) The doctor noted that Plaintiff has the capacity to lift up to ten pounds frequently, 11 to 20 pounds occasionally, and rarely lift and/or carry 20 to 50 pounds with the left. He found that Plaintiff can sit for eight hours in a workday and stand/walk up to two hours limited by the left knee. The doctor noted frequent ability to perform simple grasping, fine manipulation, handle objects and feel objects, and, occasional ability to push/pull/operate controls with hands and feet. He noted that Plaintiff's ability to reach was limited on the left. The assessment reveals that Plaintiff can never climb, balance, stoop, crouch, kneel and crawl, and should avoid all exposure to heights and moving machinery. The form includes a notation of a right shoulder problem. (T. 104)

Plaintiff's claim that he has an impairment or combination of impairments which meet or equal Listing 1.02A must be rejected. Listing 1.02A includes the requirement that the claimant have "[m]ajor dysfunction of a joint(s) characterized by gross anatomical deformity" ... "and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint" which leads to an inability to ambulate effectively as defined in §1.00B2:

> b. What We Mean by Inability to Ambulate Effectively
> 
> 1. (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

(Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

(2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, *examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.* The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*20 CFR Pt. 404, Subpt. P, App. 1*(emphasis supplied)

The record contains no evidence that Plaintiff's ability to walk is so limited. He does not use a walker, two crutches or two canes nor have these been prescribed. Further, Plaintiff gave no testimony indicating that his ability to walk is so extremely limited. Additionally, in Plaintiff's "Disability Supplemental Interview Outline" Plaintiff acknowledged engaging in daily activities including: doing laundry, washing dishes, changing sheets, ironing, preparing meals, caring for three pets and walking for exercise and in performing errands.[1] (T. 67-71) Finally, Dr. Thompson concluded that Plaintiff is able to walk up to two hours in an eight hour day without aid. (T. 104)

For these reasons, it is found that the ALJ's decision that Plaintiff does not suffer from an impairment or combination thereof which meets or equals a listed impairment to be supported by substantial evidence in the record as a whole.

It is found, however, that the ALJ's decision as to Plaintiff's residual functional capacity

---

[1] Although Plaintiff indicated in this form that he uses a cane (T. 68), there is no indication that Plaintiff requires the use of two canes as required by the listing.

AO72A
(Rev. 8/82)

is not supported by substantial evidence and, therefore, the hypothetical upon which the VE relied was improper.

At step five of the sequential evaluation process, the ALJ utilized the testimony of a vocational expert and determined that there are a significant number of jobs in the national economy which Plaintiff possesses the residual functional capacity to perform. *20 C.F.R. § 404.1520(f)(DIB)*; *20 C.F.R. § 416.920(f)(SSI)*

The ALJ concluded that Plaintiff possesses the RFC to perform work at the light level of exertion, with some limitations.[2] (T. 18) He included this finding in the first hypothetical posed to the VE. (T. 137) In response to the first hypothetical, the VE responded that there are jobs in the regional and national economy which Plaintiff can perform under the parameters of the hypothetical. (T. 138) The ALJ accepted and relied upon this testimony.

In the second hypothetical question posed to the VE, the ALJ included the finding that the Plaintiff's RFC is "sedentary." (T. 137) In response to the hypothetical, the VE responded that there are no jobs available to such a hypothetical claimant. (T. 138)

In composing the first hypothetical question, the ALJ accepted the conclusions of Dr. Westbrook, the general practitioner, that Plaintiff was only mildly to moderately limited with

---

[2]Work at the light level of exertion is defined in the regulations as:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a *job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.* To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities... (emphasis supplied)

*20 C.F.R. § 404.1567(b)*.

-8-

respect to his walking. (T. 91)

The second hypothetical clearly incorporates the conclusions of Dr. Thompson, the orthopedist, that Plaintiff can walk only up to two hours in an eight hour day.[3] (T. 104)

Accordingly, this Court is presented with the question of whether the decision of the ALJ to accept the opinion of the general practitioner as to Plaintiff's ability to walk during the work day and to reject the opinion of the orthopedist on this point is sufficiently supported by the evidence. It is concluded that it is not so supported.

"Steps four and five first require a finding of the claimant's 'residual functional capacity' (RFC) ... RFC is the most a person can do despite that person's limitations ... it is assessed using all relevant evidence int her record." *Brown v. Barnhart*, 390 F.3d 535, 538-39 (8th Cir. 2004) "RFC is a medical question, and an ALJ's finding must be supported by some medical evidence." *Guilliams v. Barnhart* , 393 F.3d 798, 803 (8th Cir. 2005)

"When one-time consultants dispute a treating physician's opinion, the ALJ must resolve the conflict between those opinions." *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) Generally, the report of a consulting physician who has examined the claimant only once will not constitute substantial evidence upon the record as a whole particularly where it is contradicted by the report of claimant's treating physician. *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir.

---

[3]Work at the sedentary level of exertion is defined in the regulations as:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

*20 C.F.R. § 404.1567(a)*

AO72A
(Rev. 8/82)

1985) One exception to this rule is presented where the consulting physician's assessment is supported by "better or more thorough medical evidence." *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997)

In this case, *both* of the examining physicians are consultants who each examined Plaintiff only once. Neither were treating physicians and, in fact, according to the record, Plaintiff has no treating physician. The record reflects that Dr. Thompson, the orthopedist, conducted the more thorough examination, utilizing, for example, x-ray studies.

Further, greater weight should have been given to the opinion of the orthopedist Thompson, in light of the principle that greater weight is generally given to the opinion of a specialist about medical issues in the area of specialty, than to the opinion of a non-specialist. *See 20 C.F.R. § § 404.1527(d)(5); 416.927(d)(5); see also Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994)

It is found that the rejection of Dr. Thompson's assessment as to Plaintiff's ability to walk in favor of that of Dr. Westbrook is not supported by substantial evidence. Accordingly, the ALJ's RFC finding must be found to be likewise unsupported rendering the hypothetical question upon which the VE relied improper. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994) (A hypothetical question posed to a vocational expert must include the impairments and functional restrictions that are supported by the record); *see also Stephens v. Secretary of Health and Human Services*, 603 F.2d 36, 41-42 (8th Cir. 1979); *McGhee v. Harris*, 683 F.2d 256, 259 (8th Cir. 1982)(hypothetical must clearly set out claimant's limitations)

In view of the findings explained above, this matter should be reversed and remanded for a proper determination of Plaintiff's RFC. In this regard, in light of the fact that Plaintiff has received no medical treatment and has no treating physician, consideration should be given to the

AO72A
(Rev. 8/82)

referral of Plaintiff to other consulting specialists for evaluation of his condition.

**Conclusion:**

From the foregoing we conclude that the ALJ's decision in this case is not supported by substantial evidence in the record as a whole. Accordingly, we conclude that this matter must be reversed and remanded for further proceedings consistent with this opinion.

DATED this 29th day of August 2005.

/s/ Bobby E. Shepherd
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)